IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE AMERICAN INSTITUTE FOR CHARTERED PROPERTY CASUALTY UNDERWRITERS, *et al.* | : : : : | CIVIL ACTION NO. 19-5369 |
| *Plaintiffs* | : : | |
| v. | : : | |
| SYDNEY POSNER, *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                         JUNE 25, 2024

## MEMORANDUM OPINION

**INTRODUCTION**

Presently before the Court is the motion for attorneys' fees and costs filed by Counterclaim Plaintiff Sydney Posner ("Posner"), pursuant to Federal Rule of Civil Procedure 54 and the attorneys' fees and costs provision of the Pennsylvania Wage Payment and Collection Law (the "WPCL"), 43 Pa. Cons. Stat. § 260.1 *et seq*. (ECF 267, 295). Counterclaim Defendant The American Institute for Chartered Property Casualty Underwriters ("AICPCU") opposes the motion. (ECF 296). The issues raised by the parties with respect to the underlying motion have been fully briefed and are ripe for disposition.[1] For the reasons set forth herein, Posner's motion is granted, *in part*, and denied, *in part*.

**BACKGROUND**

The facts, evidence, and procedural history of this action are well known to the parties and will be recited only to the extent necessary to address the issues raised. Most relevant to the

---

[1]   This Court has considered the parties' respective replies and supplemental filings. (*See* ECF 300, 304-06).

Court's resolution of the underlying motion, however, is the procedural history surrounding this action, particularly that related to Posner's WPCL claim for unpaid commissions, on which she was partially successful at trial.

AICPCU commenced this action against Posner, AICPCU's former employee, and The Claims Xchange, Inc. ("Xchange"), Posner's subsequent employer, asserting claims premised primarily on Posner's alleged wrongful taking and use of confidential information belonging to AICPCU. After this Court dismissed some of AICPCU's claims, Posner filed an answer to the operative complaint that included counterclaims against AICPCU for abuse of process, breach of contract, and violations of the WPCL. Posner's breach of contract and WPCL claims were premised on her allegations that AICPCU failed to pay her earned commissions and severance after her termination of employment. By Order dated December 31, 2020, this Court dismissed Posner's abuse of process claim, allowing her breach of contract and WPCL claims, along with AICPCU's claims, to proceed through discovery. (ECF 64).

At the close of discovery, Posner and AICPCU filed motions for summary judgment with respect to the claims asserted against each other. Posner also moved for summary judgment on her own claims. AICPCU sought judgment as to all of Posner's claims, including her WPCL claims for both unpaid commissions and unpaid severance. In that motion, AICPCU proffered its interpretation of the various commission agreements and argued that Posner had failed to present evidence sufficient to show that she had earned the commissions claimed pursuant to the terms of her employment agreement. AICPCU also argued that severance was not warranted because Posner's employment agreement did not contain a severance provision. Posner disagreed, proffered her own interpretation of the commission provisions, and argued that her employment agreement included a severance provision. Posner also provided evidence that she argued showed

the commissions that she had earned and that AICPCU had not paid. Specifically, Posner relied exclusively on her declaration and two attached spreadsheets, Exhibits C and D, to meet her summary judgment burden with respect to her unpaid commissions claims. According to Posner, these exhibits showed that she was owed $80,778.24 in unpaid commissions. Based on the Court's interpretation of the parties' agreement on commissions (and various modifications thereto), this Court held that Posner could only recover: (1) commissions for sales identified in Exhibit C that were paid in full prior to July 1, 2019; and (2) commissions for sales identified in Exhibit D for events that occurred and were paid in full by August 30, 2019. (*Id.* at pp. 15-18). This Court also dismissed Posner's claims for unpaid severance.

Following this Court's disposition of the parties' cross-motions for summary judgment, this matter went to a jury trial, resulting in a verdict: (1) in favor of AICPCU on its breach of the confidentiality agreement and an award of $48,830.45 in "nominal" damages; and (2) in favor of Posner on her breach of contract and WPCL claims for unpaid commissions and an award in the same amount of $48,830.45. (ECF 262). The jury also found that AICPCU had not met its burden with respect to its other claims and that AICPCU had failed to prove by clear and convincing evidence that its failure to pay Posner commissions was done in good faith. (*Id.*). Following the jury verdict, AICPCU filed a renewed motion for judgment as a matter of law and/or motion for a new trial or to alter or amend judgment, which this Court granted, *in part*, and reduced the amount of compensatory and liquidated damages awarded to Posner on her WPCL claim. (ECF 285-6, 288). The reduced compensatory damages award on Posner's WPCL claim amounted to $38,399.89 and liquidated damages in the amount of $9,599.96. (*Id.*).

**DISCUSSION**

It is well-established under the ordinary "American Rule" that "the prevailing party may not recover attorneys' fees as costs or otherwise." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 245 (1975). This general rule is subject to exceptions, including fee shifting statutes. *Id.* at 257-258. The statute under which Posner successfully brought the WPCL claim provides that a court shall "in addition to any judgment awarded to the plaintiff or plaintiffs, allow costs for reasonable attorneys' fees of any nature to be paid by the defendant." 43 Pa. Cons. Stat. § 260.9a(f). Pennsylvania courts have determined that an award of attorneys' fees to a prevailing plaintiff in a WPCL case is mandatory. *Oberneder v. Link Comput. Corp.*, 674 A.2d 720 (Pa. Super. 1996), *aff'd* 696 A.2d 148 (Pa. 1997).

A plaintiff may be considered a "prevailing party" for attorneys' fees purposes "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1982). Where there is more than one cause of action and the plaintiff has varying degrees of success on each theory, "[w]ork on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result obtained." *Id*. at 434-35. In addition, where a plaintiff has achieved only partial or limited success, a district court may adjust the fee downward. *Id*. at 436-37. The district court may do so "even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id*. at 436.

Although a court may consider the amount of damages awarded compared to the amount of damages requested as one indication of a plaintiff's degree of success, it "may not diminish counsel fees to maintain some ratio between the fees and the damages awarded." *Spencer v. Wal-Mart Stores, Inc.*, 469 F.3d 311, 318 (3d Cir. 2006) (internal quotations omitted). The United States Court of Appeals for the Third Circuit (the "Third Circuit") has rejected a strict

4

proportionality test for the calculation of attorneys' fees. *Davis v. Se. Pa. Transp. Auth.*, 924 F.2d 51, 54 (3d Cir. 1991). Nevertheless, a district court has "broad discretion in reducing" the requested amount of attorneys' fees. *Spencer*, 469 F.3d at 319. For example, courts may reduce attorneys' fees for the work of more than one attorney, where a lesser number would have been adequate. *Halderman v. Pennhurst State Sch. & Hosp.*, 49 F.3d 939, 943 (3d Cir. 1995).

The prevailing party has the burden of establishing reasonable hours and a reasonable hourly rate for each of the attorneys. *Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d Cir. 2001). This requires the fee petitioner to "submit evidence supporting the hours worked and the rates claimed." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (quoting *Hensley*, 461 U.S. at 433). The fee petition must be detailed and specific enough to allow the district court to determine whether the hours claimed are reasonable for the work performed and should include "some fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys, e.g., senior partners, junior partners, associates." *Id*. at 1190.

To evaluate the reasonableness of counsel's requested fees, courts generally use the lodestar method. Under this method, the court must multiply the reasonable number of hours expended on the litigation by a reasonable hourly rate. *United Auto. Workers Loc. 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 290 (3d Cir. 2007). Hours are not reasonably expended if they are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 433. In calculating the lodestar, "the district court may not award less in fees than requested unless the opposing party makes specific objections to the fee request." *United States v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203, 211 (3d Cir. 2000). The fee schedule established by

Community Legal Services, Inc. ("CLS") has been cited with approval by the Third Circuit as a fair reflection of the prevailing market rates in Philadelphia. *Maldonado*, 256 F.3d at 187.

### *Attorneys' Fees*

Posner seeks attorneys' fees in the amount of $397,755.50 for 1,543.4 hours of work performed by three separate attorneys and three paralegals and an additional $15,735.15 for costs. Having succeeded in part on her WPCL claim, Plaintiff is considered a "prevailing party," and, pursuant to the WPCL, is entitled to all hours "reasonably expended on the litigation." *W. Va. Univ. Hosps., Inc. v. Casey*, 898 F.2d 357, 360 (3d Cir. 1990). Though AICPCU agrees that Posner is a prevailing party, it disagrees as to the amount of attorneys' fees and costs to be awarded.[2] AICPCU primarily argues that the requested fee is unreasonable in light of the limited success Posner had with respect to her WPCL claim and because it includes time billed for Posner's unrelated and unsuccessful claims and her defense to AICPCU's claims. Posner responds that she is entitled to recover all of her attorneys' fees and costs because all of her claims and her defenses to AICPCU's claims (including those on which she was unsuccessful) are related to the WPCL claim for which she was successful.[3]

This Court begins the process of determining the reasonable fee by calculating the lodestar, *i.e.*, the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433; *see also McKenna v. City of Phila.*, 582 F.3d 447, 455 (3d Cir. 2009). When calculating the hours reasonably expended, this Court must "review the time

---

[2]    AICPCU also agrees to the hourly rates utilized by Posner's attorneys.

[3]    As noted, Posner seeks $397,755 for attorneys' fees. According to Posner, this number reflects a 40% reduction for any work "attributed to unsuccessful or unrelated claims." (Posner Reply, ECF 300, at p. 5). Notwithstanding this reduction, Posner maintains that she "had every right to seek the totality of her reasonable fees expended in this matter." (*Id.* at pp. 4-5).

charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Pub. Int. Rsch. Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir.1995) (quoting *Hensley*, 461 U.S. at 433-34); *see also Maldonado*, 256 F.3d at 184. The Third Circuit has stressed that the court has "a positive and affirmative function in the fee fixing process, not merely a passive role." *Maldonado*, 256 F.3d at 184.

The Third Circuit has further explained that a court should "reduce the hours claimed by the number of hours spent litigating claims on which the party did not succeed, that were distinct from the claims on which the party did succeed, and for which the fee petition inadequately documents the hours claimed." *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 178 (3d Cir. 2001). "[W]ork on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved." *Hensley*, 461 U.S. at 435. In addition, "[w]here the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Id.* at 440. As such, this Court must determine whether the WPCL claims on which Posner was successful—for which she is entitled to reasonable attorneys' fees and costs—are distinct from or unrelated to the claims on which she was unsuccessful and her defenses to AICPCU's claims.

The Supreme Court has recognized that "there is no certain method of determining when claims are 'related' or 'unrelated.'" *Id.* at 437 n.12. Typically, "[e]stablishing relatedness on a claim-by-claim basis in the attorneys' fees context is a fact-intensive determination . . . ." *McKenna*, 582 F.3d at 457. This determination is of "critical importance" because "[t]he District Court must ensure that a partially successful defendant is not required to provide compensation for an attorney's unrelated efforts on behalf of an unsuccessful plaintiff, or in pursuit of the

7

unsuccessful claims of an only partially victorious plaintiff . . . ." *Id.* Here, Posner "has the burden to establish that the time spent pursuing [her] unsuccessful claims contributed in any way to [her] success on [her] remaining claims." *Id.* at 457-58.

Posner contends that she is entitled to recover all of her attorneys' fees and costs—subject to a self-imposed 40% reduction—because the WPCL claim on which she was successful is "intrinsically intertwined with the other causes of action asserted in this matter, including, by way of example, [AICPCU's] claims for purported violations of the Defend Trade Secrets Act ("DTSA") and breaches of contract and fiduciary duty." (Posner Reply, ECF 300, at p. 3). Based on this Court's familiarity with this case and the matter's development through the pleading, discovery, dispositive motion, and trial phases, this Court disagrees.

AICPCU commenced this action by filing a complaint against both Posner and her then employer, Xchange. Notably, attorneys at the law firm of Fox Rothschild LLP entered their appearances on behalf of both Posner and Xchange. Against Posner, AICPCU asserted claims for breach of contract, breach of fiduciary duty, unfair competition, conversion and replevin, and violation of the Defend Trade Secrets Act (the "DTSA"). All of AICPCU's claims against Posner arose out of AICPCU's allegation that Posner downloaded and eventually used AICPCU's confidential information after the termination of her employment for commercial purposes in violation of various provisions of her employment agreement and the DTSA. None of AICPCU's claims against Posner involved Posner's work during her employment with AICPCU or her earned, but unpaid, commissions. As such, Posner's WPCL claims are neither related to nor intertwined with AICPCU's claims against her. Accordingly, Posner is not entitled to attorneys' fees and/or costs associated with her defense to AICPCU's claims.

Similarly, Posner is not entitled to attorneys' fees and/or costs associated with her prosecution of her unsuccessful abuse of process claim or her unsuccessful WPCL and breach of contract claims premised on AICPCU's failure to pay her severance. Posner's abuse of process claim was premised on her allegation that AICPCU had wrongfully commenced its action—an action premised primarily on Posner's alleged misappropriation of AICPCU's confidential/trade secret information—against her. Like AICPCU's claims against Posner, Posner's abuse of process claim has no connection to Posner's successful WPCL claim. Moreover, this Court dismissed Posner's abuse of process claim early in this litigation at the motion to dismiss stage. (*See* ECF 64). Under these circumstances, Posner's abuse of process claim is not sufficiently related to Posner's successful WPCL claim for unpaid commissions to permit an award of attorneys' fees and costs for work associated with this unrelated claim.

In addition to Posner's WPCL claim for unpaid commissions, Posner also asserted WPCL and breach of contract claims premised on AICPCU's failure to pay her severance when her employment was terminated. These claims were premised on Posner's contention that her employment agreement included a severance provision. At the summary judgment stage of litigation, this Court determined that Posner's employment agreement did not include any severance provisions and granted AICPCU summary judgment on these claims. (*See* ECF 139-40). Apart from being based on the same employment agreement, these claims had no relationship or connection to Posner's successful WPCL claim for unpaid commissions. As such, Posner's WPCL and breach of contract claim for unpaid severance are not sufficiently related to Posner's successful WPCL claim for unpaid commissions to permit an award of attorneys' fees and costs for work associated with these unrelated claims.

Turning to Posner's unsuccessful WPCL and breach of contract claims premised on unpaid commissions, this Court finds that these claims are related to Posner's successful WPCL claims, since they involved the same core facts and allegations. All of these claims revolve around Posner's contention that she had sold sponsorships/events for which she earned but was not paid a commission. As such, these unsuccessful WPCL claims for unpaid commissions are related to and intertwined with Posner's successful WPCL claim for unpaid commissions. However, as discussed further below, because Posner was only partially successful on her WPCL claims for unpaid commissions, this Court will reduce the attorneys' fee and costs award to reflect Posner's partial success.

Having determined that Posner is only entitled to attorneys' fees and costs attributable to the prosecution of her WPCL and breach of contract claims for unpaid commissions, this Court must determine the reasonable number of hours billed by Posner's attorneys to these partially successful claims. Unfortunately, neither Posner's fee petition nor her attorneys' billing records are specific enough to isolate the hours billed solely to Posner's WPCL claims for unpaid commissions. Posner's fee petition also fails to break up or categorize the hours attributable to any particular phase of the case, *i.e.*, pleadings, discovery, motion practice, or trial. In the absence of specific time entries, this Court must "reasonably use[] the information available to it to estimate a proper division of time." *McKenna*, 582 F.3d at 458-59.

Posner's WPCL claim for unpaid commissions was not legally or factually complex. At all times, Posner's entitlement to commissions was governed by a written employment agreement, though one that underwent multiple written modifications. AICPCU did raise several challenges to Posner's WPCL claim for unpaid commissions which required Posner's counsel to undertake research, factual development, and briefing. In addition, the WPCL claim required the

presentation of testimony and exhibits at trial. At trial, Posner was the primary witness with respect to her WPCL unpaid commissions claim. She testified that she was able to determine the amount of unpaid commissions by reviewing various AICPCU documents and spreadsheets and comparing them to her wage records.

With the benefit of having presided over this litigation from its inception, this Court concludes that a reasonable number of hours for Posner's WPCL claims for unpaid commissions was: (1) twenty hours on pretrial tasks, including pleadings and discovery; (2) twenty hours on dispositive motion briefing; (3) fifteen hours on trial preparation; (4) twelve hours for trial; and (5) ten hours for preparing the fee petition—for a total of seventy-seven hours.[4] This Court finds that reasonable professional staffing on this matter would have been limited to two attorneys (one partner and one associate) with their time evenly split. Catherine T. Barbieri (a partner with twenty-seven years' experience) and Andrew S. Esler (an associate with eight years' experience) billed the majority of hours on this matter. These attorneys agreed to bill their time to Posner at the reduced rates of $485 and $375 an hour respectively.[5] This Court will utilize a blended rate of $430 an hour, for a lodestar of $33,110.

As noted above, a "district court can adjust a fee award upward or downward based upon the results obtained in a case." *McKenna*, 582 F.3d at 455. Here, Posner was only partially successful with respect to her WPCL claims for unpaid commissions. In her original and amended

---

[4]   In determining the reasonable quantity of billed hours for Posner's successful WPCL claims for unpaid commissions, this Court drew on its own experience and familiarity with this case and published decisions determining the reasonable number of hours billed for similar WPCL claims. *See, e.g.*, *Diamond Design, Inc. v Blair*, 2024 WL 589532 (Pa. Super. Ct. Feb. 9, 2024) (reducing 400 attorney-billed hours to 72.5 hours for successful WPCL claim); *Elliot v. US Inspect Grp., Inc.*, 2020 WL 2933676 (E.D. Pa. Jun. 3, 2020) (reducing 157 attorney-billed hours to 80 hours for successful WPCL claim); *Blagrave v. Nutrition Mgmt. Servs. Co.*, 2009 WL 440299 (E.D. Pa. Feb. 20, 2009) (reducing 723.9 attorney-billed hours to 38 hours for successful WPCL claim).

[5]   AICPCU agrees that these are reasonable hourly rates. (*See* AICPCU Opp., ECF 296, at p. 14).

counterclaims for unpaid commissions, Posner asserted that she was entitled to commissions "on all sales," including those for which she was not responsible. (*See* Posner Countercl., ECF 35, at ¶¶ 31-32 and Posner Am. Countercl., ECF 41, at ¶¶ 40-41). At the close of discovery, the parties filed cross-motions for summary judgment with respect to Posner's WPCL claims for unpaid commissions. In support of her claims for unpaid commissions, Posner submitted spreadsheets identifying unpaid commissions in the amount of $80,778.24. By Memorandum Opinion dated June 22, 2022, this Court granted AICPCU's motion for summary judgment with respect to some, but not all, of Posner's WPCL and breach of contract claims for unpaid commissions based on the Court's legal interpretation of Posner's employment agreement. (ECF 139). At trial, Posner created and introduced spreadsheets which she argued identified and quantified the amount of her unpaid commissions. These spreadsheets showed $57,149.38 in unpaid commissions. Following argument regarding the amount of unpaid commissions that was precluded by this Court's summary judgment decision, Posner's counsel requested an award of $48,830.45 for unpaid commissions during her closing arguments. The jury awarded Posner that amount. However, on post-trial motions, this Court reduced the jury's compensatory damages award to $38,399.82, consistent with its summary judgment holding. (ECF 28-86, 288).

In light of Posner's limited success, including, in particular this Court's reduction of Posner's WPCL claim at both the summary judgment and post-trial stages, this Court will further reduce Posner's attorneys' fee award by fifteen (15) percent. This results in an overall fee award of $28,143.50, which this Court finds is reasonable for the work performed and the results obtained in this litigation.

*Costs*

Posner also seeks to recover costs in the amount of $15,735.15. AICPCU argues that this amount is excessive in that it includes the costs for **both** transcripts and videotapes for the depositions of three witnesses. Generally, a prevailing party is "not permitted to recover the costs of both transcripts and videotapes of depositions." *In re Aspartame Antitrust Litig.*, 817 F. Supp. 2d 608, 617 (E.D. Pa. 2011). Further, a "court will allow costs for a videotape but not a transcript if the videotape was necessarily obtained for use in the trial." *Id.* "The test is not whether the videotape was actually used at trial, but merely whether the videotape appeared 'reasonably necessary' to defendants at the time of the deposition." *Id.* (citations omitted).

Here, Posner seeks the costs associated with the depositions of three witnesses. Posner has only shown that the videotape of one out-of-state witness, Anne Blume, was reasonably necessary. As such, this Court will award the costs for the videotape deposition of Ms. Blume and the costs for the transcripts of the other two witnesses. These adjustments result in total costs of $7,559.30.

AICPCU argues that Posner's recoverable costs should be further reduced since only a portion of these three witnesses' deposition testimony related to Posner's WPCL claim for unpaid commissions. For the reasons discussed above with respect to Posner's request for attorneys' fees, this Court agrees and will reduce Posner's costs by fifteen (15) percent to account for the portion of these depositions that related to Posner's unrelated claims and/or defenses. Accordingly, Posner will be awarded $6,425.41 for costs.

**CONCLUSION**

For the reasons set forth, Posner's motion for attorneys' fees and costs is granted, *in part*. Accordingly, Posner is awarded $28,143.50 in attorneys' fees and $6,425.41 in costs. An Order consistent with this Memorandum Opinion follows. *NITZA I. QUIÑONES ALEJANDRO*, J.